SHIRLEY S. ABRAHAMSON, C.J.
¶ 25. (concurring in part and dissenting in part). I agree with the referee and the per curiam opinion that Count 1 of the complaint should be dismissed.
¶ 26. The referee concluded that the OLR proved a violation of Count 2, failing to cooperate with the OLR investigation. In contrast, the per curiam opinion dismisses Count 2.1 agree with the referee. I part company with the per curiam opinion on Count 2.
¶ 27. Attorney Merry is essentially asking this court to believe him although the referee who saw and heard Attorney Merry did not. Credibility is a finding of *655 fact. The referee said he didn't find Attorney Merry credible. The court must accept the referee's findings of fact unless they are clearly erroneous. See per curiam op., ¶ 17.
¶ 28. Nothing in the record or the referee's report warrants disregarding the referee's carefully analyzed and carefully articulated credibility determination.
¶ 29. Consequently, the per curiam opinion must and does accept the referee's finding that Attorney Merry is not credible. To avoid this factual finding, the per curiam opinion declares the violation to be "de minimis" and "hyper-technical." It dismisses the complaint.
¶ 30. A "de minimis" or "hyper-technical" violation is, in my opinion, still a violation (whatever the meaning of these terms that appear to set gradations of violations or shades of credibility).
¶ 31. I am persuaded that a public reprimand, recommended by the referee, is appropriate in the present case (even though Attorney Merry has been disciplined on five prior occasions). The extent, nature, and circumstances of the violation are, as I see it, relevant in determining the discipline to be imposed. The referee has provided a thoughtful analysis and recommendation. I would follow it.
¶ 32. For the reasons stated, I write separately.
¶ 33. I am authorized to state that Justice ANN WALSH BRADLEY joins this opinion.